No. 83–723.  UNION PROCESSING CORP. *v.* ATKIN ET AL.  Ct. App. N. Y.  Certiorari denied.

JUSTICE WHITE, with whom THE CHIEF JUSTICE and JUSTICE POWELL join, dissenting.

Petitioner, Union Processing Corp. (Union), operates a scrap-metal business in Auburn, N. Y. Respondents, Morris, Sol, and Samuel Atkin (Atkins), are in the same business in Rochester. Both Union and Atkins purchase and process scrap metal and then sell the processed metal to steel mills and foundries. In 1974, Union and Atkins independently decided to establish metal-shredding operations in Rochester. Steel mills prefer shredded metal because shredding allows the separation of ferrous and non-ferrous scrap, yielding a cleaner grade of scrap. When Union learned that Atkins had entered into a purchase contract for a shredder, it initiated negotiations to ensure that there would be only one shredding operation in Rochester. The parties agreed that there were not enough raw materials in the area to support two shredding operations. Ultimately, they agreed that Atkins would assign the purchase contract to Union in return for 2% of Union's gross sales for the next seven years. Within two years, Union ceased making payments under the contract.

Atkins brought suit in October 1978 for payments due under the contract. Union argued that the contract was unenforceable because part of the consideration for the contract consisted of an oral promise by Atkins not to operate a shredder in the Rochester area. Such an agreement, Union contended, violates § 1 of the Sherman Act, 26 Stat. 209, as amended, 15 U. S. C. § 1.

The trial court found that the oral agreement not to compete was indeed a part of the contract. It concluded that since the agreement constituted a horizontal division of territories, it was a *per se* violation of the Sherman Act.

On appeal, the Appellate Division of the New York Supreme Court rejected Union's contention that since the contract constituted a horizontal division of markets it was *per se* illegal under § 1 of the Sherman Act. 90 App. Div. 2d 332, 457 N. Y. S. 2d 152 (1982). The court reasoned that the rule of *per se* illegality is applicable only if the entire geographic market is divided. It found that the relevant geographic market in this case consisted of the entire area in which steel mills purchase the end product produced by the shredder. Because only the Rochester area was allocated, the court concluded that a rule-of-reason analysis was appropriate. Using that analysis, the court found the impact of the agreement on competition to be minimal because Atkins could operate a

shredder anywhere in the relevant geographic market outside of Rochester.

In a one-paragraph memorandum, the New York Court of Appeals affirmed. 59 N. Y. 2d 919, 453 N. E. 2d 522 (1983). Apparently it realized that the market that was divided was the market in which raw materials were purchased, rather than the market in which shredded scrap was sold, for it stated: "Additionally we observe that there is no evidentiary support in the record for any finding that the scrap metals/raw materials market (as distinguished from the shredded scrap/products market) was limited to the Rochester area to which the agreement of the parties related." *Id.*, at 921, 453 N. E. 2d, at 523.

Union then petitioned for a writ of certiorari from this Court, arguing that the state courts misconceived the meaning of our opinions dealing with horizontal division of markets. Such market divisions, Union correctly argues, have consistently been deemed *per se* illegal.

Our cases make clear the error of the New York courts. As we said in *United States* v. *Topco Associates, Inc.*, 405 U. S. 596, 608 (1972): "One of the classic examples of a *per se* violation of § 1 is an agreement between competitors at the same level of the market structure to allocate territories in order to minimize competition." We have time and again "rejected the notion that naked restraints of trade are to be tolerated because they are well intended or because they are allegedly developed to increase competition." *Id.*, at 610.

Under the view of the courts below, the *per se* rule is not to be applied to cases involving horizontal division of markets so long as the parties leave some residual zone in which they still compete; that is, the rule does not govern cases in which the entire market is not allocated. Apparently, if two companies in some national market agreed that one would not compete in New York and the other would not compete in California, the *per se* rule would not apply if they continued to compete in the other 48 States. Not surprisingly, the courts cited no decision of this Court in support of that position.

I assume that the Court has denied this petition because it has "bigger fish to fry," rather than because it views the decision below as correct. However, because a substantial federal question has been decided in a manner that apparently conflicts with the applicable decisions of this Court, I would grant the petition

for a writ of certiorari.    Indeed, the decision is a candidate for summary reversal.